Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7834 | **DATE** | 3/25/2004 |
| **CASE TITLE** | Suburban Capital Corp vs. Fortis Enterprises, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 4/21/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, JBA's motion to dismiss is granted [5-1]. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 26 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 2004 MAR 25 PM 2:48 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SUBURBAN CAPITAL CORPORATION, a )
Delaware corporation, )
)
Plaintiff, )
) No. 03 C 7834
v. )
) Judge John W. Darrah
FORTIS ENTERPRISES, INC., )
a Nevada corporation; JAMES BAR, an individual; )
JAMES BAR & ASSOCIATES, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Suburban Capital Corporation ("SCC"), filed suit against the Defendants, Fortis Enterprises, Inc., James Bar, and James Bar & Associates ("JBA"), seeking recovery of damages pursuant to an alleged oral contract. SBC also seeks to enjoin Fortis from acquiring JBA. Before the Court is JBA's Motion to Dismiss the Complaint for lack of personal jurisdiction.

Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. *See Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). When deciding whether the plaintiff has made a necessary showing, a court can look to affidavits and exhibits submitted by each party. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). When determining whether the plaintiff has met the burden of establishing a *prima facie* showing of jurisdiction, jurisdictional allegations in the complaint are taken as true, unless controverted by the defendant's affidavits or exhibits. The remaining facts come from the declarations and exhibits submitted by the parties. All factual disputes must be resolved in favor of the plaintiff.



In diversity actions, a federal court has personal jurisdiction over a non-resident defendant only if a court of the state in which the federal court sits would have personal jurisdiction. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992) (citation omitted). A determination of whether an Illinois court would have jurisdiction requires an examination of three sources of law: "(1) state statutory law, (2) state constitutional law, and (3) federal constitutional law." *RAR, Inc. v. Turner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) (*RAR*).

Under Illinois law, a court can have personal jurisdiction over a non-resident via the state's long-arm statute. 735 ILCS § 5/2-209. The statute permits the exercise of jurisdiction over claims that arise out of a number of enumerated acts, such as transacting any business within Illinois. 735 ILCS § 5/2-209(a)(1). In addition, personal jurisdiction is proper against any corporation doing business within Illinois. 735 § ILCS 5/2-209(b)(4). The statute also states that an Illinois court may exercise jurisdiction on any basis permitted by the state or federal constitution. 735 ILCS § 5/2-209(c). Therefore, the statute authorizes the exercise of personal jurisdiction by the Illinois courts to the fullest constitutional limit; and the statutory analysis collapses into a two-prong analysis: one based on the Illinois Constitution and one based on the United States Constitution. *RAR*, 107 F.3d. at 1276.

"Illinois courts have given little guidance as to how state due process protection differs from federal protection in the context of personal jurisdiction." *RAR*, 107 F.3d at 1276. The Due Process Clause of the United States Constitution permits an Illinois court to exercise jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*,

2

311 U.S. 457, 463 (1940)); *Neuman & Assoc. v. Florabelle Flowers*, 15 F.3d 721, 725 (7th Cir. 1994). This determination depends on whether the plaintiff asserts specific or general jurisdiction against the defendant. *RAR*, 107 F.3d at 1277.

Specific jurisdiction "refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 486 U.S. 408 (1984)). To determine whether specific jurisdiction exists, a defendant must have "purposefully established minimum contacts within [Illinois];" and those contacts must make personal jurisdiction reasonable and fair under the circumstances. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Defendant must have "purposely availed" itself of the privilege of conducting activities within the forum state, invoking the benefits and protections of its laws such that they would "reasonably anticipate being haled into court there." *Asahi-Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 119 (1987).

Plaintiff must satisfy two elements for specific jurisdiction: (1) the plaintiff must show that the defendant is amenable to service of process; and (2) the plaintiff must establish that haling the defendant into court is consistent with the Fourteenth Amendment's due process clause. *LFG, LLC. v. Zapata Corp.*, 78 F.Supp.2d 731, 734 (N.D. Ill. 1999).

On the other hand, "[g]eneral jurisdiction . . . is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum state." *RAR*, 107 F.3d at 1277. Therefore, general jurisdiction is a broader form of personal jurisdiction and requires the defendant to have even more contacts with the forum state than is required to meet the test for specific jurisdiction.

The facts, for the purposes of this motion, are as follows. JBA is a Florida partnership

engaged in the business of construction and renovation. In or about September 2003, Fortis, a Nevada corporation with offices in Florida, entered into an oral agreement with SCC, a Delaware corporation doing business in Illinois, for consulting services consisting of business combination introductions and advice. SCC introduced Fortis to JBA. Fortis is in the process of closing on a business combination with JBA. Fortis has not payed SCC pursuant to its oral agreement. As a result, SCC seeks to compel Fortis to pay the $350,000 required by the oral agreement or, in the alternative, enjoin Fortis from closing on the JBA acquisition until SCC is paid.

SCC provided no response brief to suggest why jurisdiction is proper in this Court. The complaint alleges no contacts between JBA and Illinois, and there are no allegations in the complaint to support either general or specific jurisdiction. Furthermore, there are no allegations in the complaint to suggest that JBA availed itself of the privilege of doing business in Illinois or created the expectation that it would be haled into court and required to defend itself in Illinois. Based on the above, JBA is dismissed from the complaint for lack of personal jurisdiction.

For the foregoing reasons, JBA's Motion to Dismiss is granted.

Dated: March 26, 2004

JOHN W. DARRAH
United States District Judge

4